**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**

**ANTHONY SEAN WALKER,**

             **Defendant**

NO. 5: 07-CR-16 (WDO)

VIOLATION: Drug Related

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Scott C. Huggins of the Macon Bar; the United States was represented by Assistant U. S. Attorney Charles L. Calhoun. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Service Report dated April 20, 2007, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated April 20, 2007, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant WALKER and the safety of the community were he to be released from custody at this time. The offense charged against defendant WALKER is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty; his estimated guideline sentencing range is 235 to 293 months in prison unless he is considered to be a career offender in which case his guideline range is estimated to be 360 months to life imprisonment. The weight of evidence is strong; the government's case is based in part upon wiretaps in which defendant WALKER communicated with others assisting him in distributing cocaine in South Georgia. Defendant ANTHONY SEAN WALKER is alleged to be the head of the conspiracy charged in the within indictment.

**Defendant WALKER has a significant record of convictions going back to 1991. He has felony drug convictions as follows: VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, 1992, Superior Court of Tift County, Georgia; and, POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE, 1996, Superior Court of Houston County, Georgia. In addition, he has other felony convictions as follows: BURGLARY, 1991, Superior Court of Tift County, Georgia; BURGLARY, 1994, Superior Court of Tift County, Georgia; and, AGGRAVATED ASSAULT WITH A VEHICLE, 1995, Superior Court of Bibb County, Georgia. The offense charged in the within federal indictment is alleged to have occurred while defendant WALKER was under state probation supervision.**

**Defendant WALKER also has a history of a revocation of probation.**

**For the foregoing reasons, pretrial detention is mandated and is SO ORDERED AND DIRECTED.**

### PART III - DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant WALKER be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility WALKER deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 27th day of APRIL, 2007.**

**CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE**