IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL NO.: 5:07-CR-16 |
| v. | : | |
| | : | |
| ANTHONY SEAN WALKER, | : | |
| Defendant | : | |
| | : | |

## AMENDED PRELIMINARY ORDER OF FORFEITURE

On September 25, 2007, this Court entered a Preliminary Order of Forfeiture pursuant to the Government's Motion for Issuance of a Preliminary Order of Forfeiture. On September 27, 2007, the United States filed a Motion requesting the Court to enter an Amended Preliminary Order to correct certain subject property in this action.

Accordingly, on motion of the United States and for good cause, the Preliminary Order of Forfeiture entered on September 25, 2007 is hereby VACATED, and this Amended Preliminary Order of Forfeiture is entered in its place.

On September 25, 2007, defendant Anthony Sean Walker ("Walker") pled guilty to Count One of the Superseding Information charging him with conspiring to possess with the intent to distribute cocaine, in violation of Title 21, United States Code, Section 846, i/c/w Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

Count Three of the Superseding Information is a forfeiture count, pursuant to which the United States seeks forfeiture under 21 U.S.C. § 853, of specific property of defendant Walker, real or personal, representing proceeds of or used and intended to be used, in any manner or part, to commit and promote the commission of the aforesaid violation.

The Court has determined, based on the evidence already in the record and defendant's plea agreement: (1) that defendant has an ownership interest in the following property; (2) that the following property is subject to forfeiture pursuant to 21 U.S.C. § 853; and (3) that the United States has established the requisite nexus between the aforesaid offense and the following property:

**BANK ACCOUNT**

The sum of $4,516.28 seized from Account Number 003276261296 in the name of Anthony Walker, Bank of America, Post Office Box 25118, Tampa, Florida 33622, which is presently in the custody of the United States Marshals Service and has been deposited in the Seized Asset Deposit Fund Account.

**REAL PROPERTY**

A. the property located at 515 Coy Cox Road, Omega, Colquitt County, Georgia, more particularly described as:

> All that certain tract or parcel of land lying and being in Land Lot 19 of the 9th Land District of Colquitt County, Georgia, and being more particularly described as **Lot 6 (containing 1.14 acres), Dianne Subdivision (Phase II),** and is more particularly described according to that plat of survey entitled "Plat of Survey for Dianne Subdivision (Phase II)" prepared by Land Surveyors, Inc., of Moultrie, Georgia, on August 6, 2003, said plat being recorded in Plat Book 37, Page 99A, in the office of the Clerk of Colquitt Superior Court and being by reference incorporated herein.

B. the property located at 216 Hill Crest Avenue, Moultrie, Colquitt County, Georgia, more particularly described as:

> Lot 4-A of the Southern Terrace Annex in the City of Moultrie, Colquitt County, Georgia, according to a plat thereof recorded in Plat Book 1, Page 180, Colquitt County Records, said lot facing North on East Boulevard a distance of 75 feet and running back South of uniform width a distance of 192 feet;

said lot being more particularly described as follows: BEGINNING at a stake at a point on the South margin of East Boulevard 186.5 feet East of the intersection of the South margin of the East Boulevard with the East margin of Southeast Second Street, thence run East along the South margin of East Boulevard 75 feet to a stake, thence South 192 feet to a stake on the South original land lot line of Land Lot No. 291 in the 8th Land District of Colquitt County, Georgia, thence3 West along said land lot line 75 feet to a stake, thence North 192 feet to starting point, said lot being bounded on the North by East Boulevard, on the East by Lot A-5 of Southern Terrace Annex, on the South by lands of Trinity Baptist Church and on the West by Lot A-3 of Southern Terrace Annex.

C. the property located at 217 3rd Street, Moultrie, Colquitt County, Georgia, more particularly described as:

A lot in the City of Moultrie, Georgia, located on the East side of Third Street, S.W., being the South 60 feet of Lot No. 14, in City Block 95 as shown on a plat recorded in Plat Book 1, Page 97, Colquitt County records, said lot fronting West on Third Street, S.W. a distance of 60 feet and running back East of uniform width a distance of 90 feet, more or less; being bound on the North by lands formerly of Campbell, East by land formerly of Barber, South by lands formerly of Sampson and West by Third Street, S.W.

Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the subject property, and to conduct proper discovery in identifying, locating or disposing of the subject property in accordance with FED. R. CRIM. P. 32.2(b)(3).

Upon entry of this Order, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General or his designee

may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

**Pursuant to FED. R. CRIM. P. 32.2(b)(3), this Amended Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period

provided in 21 U.S.C. § 853(n) for the filing of third-party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to F>ED. R. C>RIM. P. 32.2(e).

SO ORDERED, this 28th day of September, 2007.

                          *S/ Hugh Lawson*
                          ~~HUGH LAWSON, CHIEF JUDGE~~
                          UNITED STATES DISTRICT COURT

PREPARED BY:

s/DONALD L. JOHSTONO
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO: 397015