IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY SEAN WALKER, PETITIONER, | § § § | |
| v. | § | CASE NO. 5:07-CR-00016-001-HL |
| UNITED STATES OF AMERICA, RESPONDANT. | § § § § | |

## MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2)

COMES NOW Anthony Sean Walker (hereinafter referred to as "Petitioner"), pro se, to enter this Motion For Modification or Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) (hereinafter referred to as "Motion"), and states as follows:

### EXCUSABLE ERROR ANALYSIS

Petitioner is a layman at law, therefore as a pro se litigant, he invokes the excusable error analysis of Haines v. Kerner, 404 U.S. 519 (1972), where this Court is required to hold Petitioner's pleadings to a less-stringent standard than motions drafted by a lawyer. See also Erickson v. Pardus, 551 U.S. 89, 94, 124 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007).

1

## STATEMENT OF CASE

Petitioner requests a modification of his sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, which made a reduction to the overall base offense level of drug amounts under §2D1.1 of the United States Sentencing Guidelines.

Petitioner is serving a term of imprisonment.

Petitioner's sentence is based, in part, on an amount of drugs.

Petitioner was sentenced in the Middle District of Georgia, Macon Division, on December 4, 2008 to 350 months imprisonment. See Criminal Docket for Case No. 5:07-CR-00016-001-HL, United States v. Walker.

Petitioner's Presentance Investigation Report, United States v. Walker, Case No. 5:07-CR-00016-001-HL. (United States District Court for the Middle District of Georgia, Macon Division) (hereinafter referred to as "PSIR") provided that Petitoner was held accountable for Conspiracy to Possess with Intent to Dsitribute more than 5KG of Cocaine, in violation of 21 U.S.C. §846 and §841(a)(1).

Petitioner's total offense level was computed to be 40. See PSIR.

Petitioner's criminal history catagory was computed to be IV. See PSIR.

Petitoner's offense level was recomputed under Amendment 750 to the United States Sentencing Guidelines to a bose offense level of 32 and Petitioner's sentence was reduced from 350 months to 288 months on approximately December 14, 2012. See Amended Judgement and Commitment.

As noted in Kimbrough v. United States, 128 S.Ct. 558, 574, 169 L.Ed. 2d 481 (2007), district courts must treat the guidelines as the "starting point and the initial benchmark" in framing a reasonable sentence, because in the ordinary case, the Sentencing Commission's recommendation

2

of a sentencing range will reflect on a rough approximation of sentences that might achieve 18 U.S.C. §3553(a)'s objectives.

Petitioner is aware taht the Court will take the factors of 18 U.S.C. §3553(a) into consideration in framing an appropriate sentence. Petitioner is also aware that the Court may consider his post-conviction behavior during incarceration. Petitioner would like to make the Court aware of his accomplishments during his period of incarceration. Petitioner has completed the course of study for and received his G.E.D. diploma. Petitioner has completed over 700 hours of Education Courses, including Industrial Sewing, Parenting, Employeeability Skills, Family Finance. Petitioner has worked at his assigned job during his entire incarceration. Petitioner has received no major disciplinary infractions during his confinement.

Petitioner is in contact with his family and enjoys their full support during his incarceration.

CONCLUSION

Petitioner's new base offense level under the United States Sentencing Guidelines for violation of 21 U.S.C. §846 and §841(a)(1) is 30, plus adjustments with a career history catagory of IV. Such a sentencing range would be 210 - 262 months.

Since Petitioner has accomplished an extrodinary amount of self-improvement during his period of incarceration and has no major disciplinary infractions, a sentence at the low end of the guideline range would be inline with 18 U.S.C. §3553(a)(2). Thus Petitioner request a sentence modification of 210 months.

3

## PRAYER

WHEREFORE Petitioner prays for this Court to modify his sentence as addressed herein and for any and other such relief as this Court may deem proper and just.

August 18, 2015

Respectfully submitted,

*Anthony S. Walker*
Anthony Sean Walker


Certificate of Service
It is hereby certified that a true and
correct copy of the foregoing was sent
via U.S. Mail, postage pre-paid, this
18th day of August, 2015, to:

Clerk of the United States District Court
Middle District of Georgia
Macon Division
William Augustus Bootle U.S. Courthouse
475 Mulberry St., Suite 216
Macon, GA 31201

U.S. Department of Justice
United States Attorney
P.O. Box 1702
Macon, GA 31202
Respondant

*Anthony S. Walker*
Anthony Sean Walker