IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 5:07-CR-00016 |
| ANTHONY WALKER | 28 U.S.C. § 2255 |

**MOTION TO STAY 28 U.S.C. §2255 AND HOLD IN ABEYANCE PENDING DECISION IN *BECKLES v. UNITED STATES***

Anthony Walker has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. Mr. Walker now asks that this Court hold his motion in abeyance pending a decision of the United States Supreme Court in *Beckles v. United States*, S. Ct. No. 15-8544 (cert. granted June 27, 2016).

This Court can grant a §2255 petition only if it holds that the prisoner in custody is under a sentence of a court established by Act of Congress, claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C.A. § 2255. Mr. Walker relies on *Beckles v. United States*, S. Ct. No. 15-8544 (2016) and *Johnson v. United States*, 135 S. Ct. 2551 (2015) to meet these requirements.

On June 27, 2016, the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, to decide "[w]hether *Johnson v. United States*, 135 S. Ct. 2551

1

(2015), applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S. G §4B1.2(a)(2); whether *Johnson's* constitutional holding applies to the residual clause in U.S.S.G §4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review." Pet. for Writ of Cert., *Beckles v. United States*, No. 15-8544. Mr. Walker was enhanced as a career offender.

     Mr. Walker acknowledges that relief on his *Johnson* challenge is at present barred by *United States v. Matchett*, 802 F.3d 1185, 1193-95 (11th Cir. 2015), which expressly held that *Johnson's* reasoning and conclusion did not apply to challenges to guideline sentences. However, should the Supreme Court conclude in *Beckles* that *Johnson's* constitutional holding applies to the residual clause of the career offender enhancement, those decisions would abrogate *Matchett* and would require the conclusion that sentences imposed under the residual clause of the career offender guideline involve an error of constitutional magnitude, and would therefore be cognizable in a §2255 proceeding. Thus, Mr. Walker requests his petition be held in abeyance pending guidance from the Supreme Court decision in *Beckles,* No. 15-8544.

     The question whether to stay a case pending a potentially dispositive decision in an appellate court is a matter reserved to the sound discretion of the district court. The Supreme Court has held that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct 1636 1650 (1997). Likewise, the All Writs Act's grants this Court the power to "issue all writs necessary or appropriate in aid of [our] jurisdiction[] and agreeable to the

2

usages and principles of law." 28 U.S.C. § 1651(a). "A court's power to hold an order in abeyance . . . has been described as 'inherent,' preserved in the grant of authority to federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law,' All Writs Act, 28 U.S.C. § 1651(a)." *Nken v. Holder*, 556 U.S. 418, 426–27. Lastly, the Eleventh Circuit has noted that "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues" in a case is "a good, if not excellent" reason to stay a case. *Miccosukee Tribe of Indians of Florida v. S. Florida Water Mgmt. Dist.,* 559 F.3d 1191, 1198 (11th Cir. 2009).

Denying an abeyance raises substantial constitutional questions. Specifically, denying the abeyance may interfere with the judiciary's ability to grant effective habeas relief, implicating both the Due Process Clause and the Suspension Clause. This Court should resist "an interpretation of the statute that would produce troublesome results, create procedural anomalies, and close our doors to a class of habeas petitioners seeking review without any clear indication that such was Congress' intent." *Panetti*, 551 U.S. at 946, 127 S. Ct. at 2854 (quotation omitted).

A dismissal of the petition will prejudice Mr. Walker. Here, a dismissal of the petition may render subsequent petitions in this court untimely. *See* 28 U.S.C. § 2244(d)(1). The deadline to file a *Johnson* claim fell on June 27, 2016[1] for statute of limitation purposes. Petitions must be filed by "the latest of" one year from the date of

---

[1] The Supreme Court newly recognized the right on June 26, 2015. The one year anniversary fell on Sunday, June 26, 2016.

which judgment became final or when the "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §2255(f)(1)-(3).

Further, the dismissal of the petition, even without prejudice, may preclude future consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). It is unknown whether the Supreme Court's decision in *Beckles* will "extend" the *Johnson* deadline or merely apply the principle announced in *Johnson.* If the Supreme Court concludes in *Beckles* that *Johnson* is retroactive, failing to hold the applications in abeyance could deprive petitioners the benefit of *Beckles* retroactivity and render a determination of retroactivity meaningless, as a practical matter.

Holding the case in abeyance at this time would not harm the government's interest. In fact, granting the stay would avoid any unnecessarily duplicative effort by the Court or the parties. The Supreme Court has recognized that our traditional equitable authority includes the power to make adjustments "that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication*." R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500, 61 S. Ct. 643, 645 (1941). If this Court declines to hold Mr. Walker's petition in abeyance, it will face numerous refiled applications on this same issue again, all of which it will have to consider anew and address individually. If, on the other hand, it holds these applications in abeyance and *Beckles* holds *Johnson* to be retroactive, it can quickly and easily expedite the proceedings in these cases. And even if *Beckles* holds *Johnson* not to be retroactive, it

can dispose of the applications just as easily. Thus, holding the petitions in abeyance now significantly promotes judicial economy.

For these reasons stated above, Mr. Walker respectfully requests that this Court stay his §2255 motion and hold his case in abeyance pending the Supreme Court's decision in *Beckles v. United States*, S. Ct. No. 15-8544 (cert. granted June 27, 2016). Respectfully this 15th day of August, 2016.

*s /Jessica M. Lee*
JESSICA M. LEE
GA Bar Number: 889820
Counsel for Anthony Walker
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
E-mail: Jessy_M_Lee@fd.org

**CERTIFICATE OF SERVICE**

I, Jessica M. Lee, hereby certify that on August 15, 2016, I electronically filed the foregoing *Motion to Stay* with the clerk of Court using the CM/ECF system which will send notification of such record of counsel.

*s /Jessica M. Lee*
JESSICA M. LEE
GA Bar Number: 889820
Counsel for Anthony Walker
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
E-mail: Jessy_M_Lee@fd.org
