IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY WALKER,<br>  Petitioner | |
| v. | Case No.: 5:07-CR-00016 |
| UNITED STATES OF AMERICA,<br>  Respondent | 28 U.S.C. § 2255 |

**PETITIONER'S RESPONSE TO "UNITED STATES' MOTION TO DISMISS MOVANT'S 28 U.S.C. §2255 MOTION**

On June 27, 2016, the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, to decide "[w]hether *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G §4B1.2(a)(2); whether *Johnson's* constitutional holding applies to the residual clause in U.S.S.G §4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review." Pet. for Writ of Cert., *Beckles v. United States*, No. 15-8544.

On August 15, 2016, the Federal Defenders of the Middle District of Georgia, Inc. filed a motion to stay 28 U.S.C. § 2255 and hold in abeyance pending the *Beckles* decision. (Doc. 602). The government then moved to dismiss the §2255 motion on September 29, 2016, stating that the stay is not warranted because the issue is not ripe and the movant has not met its burden. (Doc. 603).

On October 21, 2016, the Supreme Court set *Beckles* for oral argument to begin on November 28, 2016. As such, we expect the Supreme Court to issue its opinion in early 2017.

Since *Beckles* is close to a resolution and in the interest of judicial economy, we respectfully request that the case be held in abeyance pending the Supreme Court's decision in

1

*Beckles.* However, if the Court finds an abeyance is not warranted, we adopt the government's position and respectfully request that the petition be dismissed without prejudice based on the Eleventh Circuit's decision in *In re Bradford*, ___ F.3d ___, No. 16-14512-J, 2016 WL 4010437, at *6 (11th Cir. July 27, 2016)  (holding that "[i]f the Supreme Court decides in *Beckles*, or some other decision, that the residual clause of § 4B1.2(a)(2) of the career offender provisions of the guidelines is unconstitutional, [the movant] will have a new claim under § 2255(h)(2) for which he can then file an application to file a second or successive § 2255 motion. It will not be a *Johnson/Welch* claim, but a *Beckles* claim.")

Respectfully submitted this 4th day of November, 2016.

*s /Jessica M. Lee*
JESSICA M. LEE
GA Bar Number: 889820
Counsel for Anthony Walker
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel:  (478) 743-4747
Fax:  (478) 207-3419
E-mail:  Jessy_M_Lee@fd.org

## CERTIFICATE OF SERVICE

I, Jessica M. Lee, hereby certify that on November 4, 2016, I electronically filed the foregoing *Petitioner's Response to United States' Motion to Dismiss Movant's 28 U.S.C. §2255 Motion* with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

s /Jessica M. Lee
JESSICA M. LEE
GA Bar Number: 889820
Counsel for Anthony Walker
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel:  (478) 743-4747
Fax:  (478) 207-3419
E-mail:  Jessy_M_Lee@fd.org
