# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ANTHONY WALKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 5:07-cr-00016-CAR-CHW |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## ORDER

On June 27, 2016, the Federal Defenders for the Middle District of Georgia, Inc., filed a "Motion to Correct Sentence under 28 U.S.C. § 2255 & Hold in Abeyance Pending decision in Beckles" in sixty-nine cases. This motion or one similar was filed on behalf of Petitioner[1] and sought to challenge the "residual clause" of the career offender guideline enhancement in light of the new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (Apr. 18, 2016). Based on these filings, the Court appointed the Federal Defenders to represent Petitioner for the purpose of reviewing the case for eligibility for relief under *Johnson*. *See* Order of Appointment, p. 1. This Order also established a briefing schedule for a Motion to Stay or hold each case in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 136 S. Ct. 2510 (June 27, 2016), in which the certified questions address the application of *Johnson* to the career offender guideline enhancement.

Petitioner has now supplemented the Motion to Stay, and the United States of America has responded by filing a Motion to Dismiss. Respondent opposes the Motion to Stay and argues

---

[1] An estimated 6000 career offender based Johnson claims have been filed nationally.

that Petitioner's Motion to Vacate should be dismissed. For the following reasons, Petitioner's Motion to Stay is **GRANTED** and Respondent's Motion to Dismiss is administratively terminated as premature.

LEGAL BACKGROUND

Petitioner asserts, and Respondent does not contest, that Petitioner's sentence was enhanced under the residual clause of the Guidelines found in U.S.S.G. § 4B1. An identically worded residual clause found in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), was "struck down" as unconstitutionally vague in *Johnson*. *In re Sapp*, 827 F.3d 1334 (11th Cir. 2016). Petitioner argues that the "residual clause" in the career offender guideline enhancement is also void for vagueness in light of *Johnson*, and that Petitioner is entitled to relief on that basis.

Prior to the decision in *Johnson*, however, the Eleventh Circuit decided *Beckles v. United States*, 579 F. App'x. 833 (11th Cir. 2014) ("*Beckles I*"), an unpublished case. In *Beckles I*, the Eleventh Circuit denied petitioner's section 2255 motion contesting whether a conviction for "possession of a sawed-off shotgun" qualifies as a "crime of violence" for career offender purposes. *See Id*. The decision was vacated by the Supreme Court of the United States and remanded back to the Eleventh Circuit for additional consideration in light of *Johnson*. *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (U.S. June 27 2016) (No. 15-8544) ("*Beckles*").

On remand, the Eleventh Circuit affirmed the district court for a second time, determining that unlawful possession of a sawed-off shotgun constitutes a crime of violence for career offender purposes. The Eleventh Circuit noted that *Johnson* did not control because *Johnson* "says and decided nothing about career-offender enhancements under the Sentencing

Guidelines or about the Guidelines commentary underlying Beckles's status as a career-offender." *Id*. at 416.

On May 25, 2016, the Eleventh Circuit held that "the Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016)[2] (citing *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2016)). Approximately one month later, and the same day the time for filing a Section 2255 claim under *Johnson* likely expired, the Supreme Court of the United States granted Certiorari in *Beckles v. United States*, 136 S.Ct. 2510 (June 27, 2016).

The questions presented are:

1. Whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)?
2. Whether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review?
3. Whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in the commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*?

Following the grant of certiorari in *Beckles*, Petitioners throughout the Eleventh Circuit have apparently begun requesting that their claims seeking relief from career offender enhancements in light of *Johnson* be stayed. With the exception of the Southern District of Georgia, the district courts of this circuit have recognized the extreme and irrevocable prejudice Petitioners may face and have granted the stay. *See e.g. Hardemon v. United States*, 2016 WL 4014086 (S.D. Fla July 8, 2016) report and recommendation adopted in 2016 WL 4029697; *Martinez v. United States*, 2016 WL 6092703 (S.D. Fla Oct. 18, 2016); *Coats v. United States*,

---
[2] The "prior-panel-precedent rule" applies in the context of applications to file second or successive petitions. In Re Holsey, 589 F. App'x 462 (11th Cir. 2014).

3

2016 WL 4247910 (N.D. Ala. 2016); *cf. Beasley v. United States*, 2016 WL 4535373 (S..D. Ga. 2016). District courts throughout the United States have done the same. *See e.g. Hatch v. United States*, 2016 WL 6143047 (D. Ari 2016); *United States v. Bacon*, 2016 WL 4803193 (E.D. Wa. 2016); *United States v. Rodriguez*, 2016 WL 4124096 (E.D. Mich. 2016); *United States v. Pettes*, 2016 WL 5661559 (D. Kan. 2016); *Allen v. United States*, 2016 WL 4679216 (D.S.C. 2016); *Savoca v. United States*, 2016 WL 6023427 (S.D.W.V. 2016); *United States v. Richard Lyle Ross*, 2016 WL 5897756 (D. Minn. 2016); *Jennings v. United States*, 2016 WL 6102246 (D.S.C. 2016); *Ali Al-Rekabi v. United States*, 2016 WL 5874976 (D. Utah 2016); *Stout v. United States*, 2016 WL 5404629 (D. S.D. 2016); *c.f. United States v. Johnson*, 2016 WL 4035187 (S.D. Oh. 2016).

    I.    *Motion to Stay*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. Nor American Co*, 299 U.S. 248 254-55 (1936). A district court, therefore, has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis*, 299 U.S. at 254). District courts also have the inherent discretionary authority "to stay litigation pending the outcome of related proceedings in another forum." *CTI-Container Leasing Corp. v. Uiterwyk Corp*., 685 F.2d 1284, 1288 (11th Cir. 1982) (citing *Landis v. North American Co*., 299 U.S. 248, 255 (1936), *Will v. Calvert Fire Insurance Co*., 437 U.S. 655, 665 (1978), and *P.P.G. Indistries Inc. v. Continental Oil Co*., 478 F.2d 674 (5th Cir. 1973)). "AEDPA does not deprive district courts of that authority, but it does circumscribe their

discretion." *Connor v. Secretary, Fla. Dept. of Corr.*, 713 F.3d 609, 619-20 (11th Cir. 2013) (quoting *Rhines v. Weber*, 544 U.S. 269, 276 (2005)).

Pursuant to a district court's inherent authority to manage its own docket, both the Supreme Court and the Eleventh Circuit have declined to define the "precise contours" of district courts' discretionary authority to stay proceedings, even in cases subject to AEDPA. *Id*. at 624, n. 16 (11th Cir. 2013) (citing *Ryan v. Gonzales*, 133 S.Ct. 696 (2013)). The outer limits of that authority, however, are bounded by "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Id*. (quoting *Ryan*, 133 S.Ct. at 709). Stays must not be immoderate, meaning a stay must be "so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Ortega Trujillo v. Conover & Co. Communications*, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (quoting *Landis*, 299 U.S. 248).

In this case, a stay is appropriate for multiple reasons. First, a stay is appropriate in order to manage the approximately one hundred motions to dismiss pending before this court in cases related to *Johnson* and the approximately thirty cases pending before this court in which responses or replies will come due next month. Approximately sixty motions seek to dismiss *Beckles* claims arguing that the Petitioner would not be entitled to relief even if *Beckles* is decided in a manner favorable to Petitioners. Staying Petitioner's case will allow the Court and the parties to focus on those other cases and approximately twenty cases seeking relief from ACCA convictions.

A stay is also "necessary to avoid the inefficiency of duplication, the embarrassment of conflicting rulings, and the confusion of piecemeal resolutions where comprehensive results are required." *Hardemon v. United States*, 2016 WL 4014086 (S.D. Fla. 2016) report and

recommendation adopted by 2016 WL 4029697 (citing *Gov't of the Virgin Islands v. Neadle*, 861 F. Supp. 1054 (M.D. Fla. 1994) and *West Gulf Maritime Assn. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985)). Failure to stay Petitioner's case threatens all three of these concerns due to the volume of cases involved. Duplication may occur in the event that Petitioner had to refile his petition following the Supreme Court's decision in *Beckles*. A conflict in rulings may occur in the event that some cases are decided before *Beckles*, some after. Piecemeal resolution may occur in the event that pro se litigants attempt to re-file following the decision in *Beckles*. Meanwhile, in the event that a decision unfavorable to Petitioner occurs, the Court will be able to resolve these cases promptly, as the motions are nearly identical as to each Petitioner.

The interests of the parties also weigh in favor of a stay. The power to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. 254-55 (citing *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763 (1931) and *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935)). The Eleventh Circuit has held that current binding precedent forecloses Petitioner's claim, but the Court cannot ignore the Supreme Court's grant of certiorari in *Beckles*. There is a possibility that immediate resolution of this petition would cause the Petitioner extreme and irrevocable prejudice and cause the Court and parties to expend time and resources addressing a second round of *Beckles* claims. The Petitioner would be forced to seek leave to file a second or successive Section 2255 motion, and could be time-barred from doing so. Against the prejudice Petitioner faces, Respondent has not argued that the Government will be prejudiced by the stay. Accordingly, the interests at issue weigh in favor of staying Petitioner's case.

Finally, the stay would not be immoderate. Oral Arguments in *Beckles* were heard on November, 28, 2016. The decision from the Supreme Court is therefore likely to come soon. In

*Welch*, another case concerning interpretation of *Johnson*, the Supreme Court vacated and remanded the lower court's decision less than three weeks after oral arguments. Given the likelihood of a prompt decision from the Supreme Court of the United States, a stay would not be immoderate.

Respondent urges the Court to deny a stay by relying on *In re Bradford*, 830 F.3d 1273 (11th Cir. July 27, 2016) in which the Eleventh Circuit denied to stay an application for leave to file second or successive Section 2255 motion pending decision in *Beckles*. The essential holding, however, was that a grant of certiorari "cannot serve and does not serve to establish a prima facie case under Section 2255(h)(2)." *Id*. at 1275. That is, grants of certiorari do not change the law, and certiorari in *Beckles* could not be a basis for establishing a prima facie guideline case in light of binding precedent foreclosing such claims. The petition at issue in this case, however, is a first Section 2255 motion and no prima facie showing is required in order to file. Therefore, a stay of the proceedings does not grant relief to Petitioner that he would otherwise be denied.

Respondent also urges the Court to deny a stay because Petitioner has not met his burden under the four prong test discussed in *Nken v. Holder*, 556 U.S. 418 (2009). At issue in *Nke*n was a "stay" in the context of "divesting an order of enforceability" – staying a removal order. 556 U.S. at 428 – 29. The Supreme Court described this stay as "temporarily suspending the source of authority to act—the order or judgment in question" and as "suspend[ing] judicial alteration of the status quo." *Id*. at 428-29. The stay at issue in this case does none of those things. Petitioner seeks to stay the proceedings, not to suspend a judgment which has already been entered.

In light of the prejudice Petitioner may face; in order to avoid duplication of efforts, conflicting decisions, and piecemeal litigation; in the interests of managing the Court's own docket; and in light of the minimal prejudice Respondent faces, the Court **ORDERS** that proceedings in the below named cases be **STAYED** pending a decision in *Beckles*.

II. *Motion to Dismiss*

Respondent argues that Petitioner's Motion to Vacate should be dismissed because (1) it is a "pro forma" motion not in compliance the Rules governing section 2255 motions, and (2) a sentencing error does not result in a complete miscarriage of justice pursuant to *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (5-4 decision).

The Federal Defenders have been assigned to review the eligibility for relief under *Johnson* in over 100 guideline cases. The relief sought and the claims asserted are clearly delineated. In each case, the Federal Defender filed a motion stating that Petitioner seeks relief under *Johnson* and sought to hold the case in abeyance pending the Supreme Court's decision in *Beckles*. The Court then entered a briefing schedule as to the Motion to Stay, with which the Federal Defender complied. Per this Order, that motion is granted, and the Federal Defender has leave to file a supplemental brief in support of Petitioner's Motion to Vacate. Accordingly, Respondent's argument that Petitioner has failed to satisfy the correct pleading standard is premature.

Respondent argues that Petitioner is not entitled to relief because an error in sentencing is not cognizable on collateral attack. In *Spencer*, the Eleventh Circuit determined that an error in calculating a sentencing guideline range resulting in an erroneous enhancement is not cognizable on collateral review unless the error resulted in a complete miscarriage of justice. *Spencer*, 773 F.3d 1132. This Petitioner, however, does not allege that his sentence was imposed contrary to

the guidelines. Petitioner contends that the career offender guideline enhancement is void for vagueness as applied to him. Thus, unlike in *Spencer*, the issue in this case is constitutional. The writ has been extended to constitutional claims since at least 1942. *U.S. v. Addonizio*, 442 U.S. 178, 184 (1979) (citing *Waley v. Johnston,* 316 U.S. 101 (1942) for the proposition that "in later years, the availability of the writ was expanded to encompass claims of constitutional error"). The Eleventh Circuit explicitly recognizes a distinction between constitutional or jurisdictional claims and "legal claims." *Ayuso v. U.S.*, 361 F. App'x 988, 990 (11th Cir. 2010) ("An error that is not jurisdictional or constitutional will form the basis for [Section] 2255 relief only where 'the claimed err constituted a fundamental defect which inherently results in a complete miscarriage of justice.") (quoting *Addonizio*, 442 U.S. at 185). Nevertheless, briefing is not yet complete and *Beckles* will likely offer clarity to the issue. Respondent's argument is premature.

## CONCLUSION

It is hereby **ORDERED** that Petitioner's Motion to Stay is **GRANTED**. Petitioner shall have **thirty (30) days** from the date *Beckles* is decided to file a supplemental brief.

In light of the posture of these cases, the grant of the stay, prior briefing orders, and the grant of leave to file a supplemental brief, Respondent's Motion to Dismiss is Premature. The Clerk of Court is **DIRECTED** to terminate the Motion.

Respondent shall have **sixty (60) days** from the date *Beckles* is decided to seek reinstatement of their Motion and file a supplement, file a new Motion to Dismiss, or take other action as appropriate under Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Court.

If *Beckles* is not decided within ninety days of this Order, the Court will entertain Motions from either party at that time.

**SO ORDERED**, this 16th day of December, 2016.

                                                    s/ Charles H. Weigle_____
                                                  Charles H. Weigle
                                                  United States Magistrate Judge