IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 5:07-CR-16-001 (TES)

ANTHONY SEAN WALKER

**ORDER ON MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE**

Upon motion of √ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction),

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served:

If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

    ☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____
_____
_____
_____
_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records [medical, institutional, administrative] relevant to this motion.

√ DENIED after complete review of the motion on the merits.

√ FACTORS CONSIDERED (Optional)

Federal prisoner Anthony Sean Walker, proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the motion is **DENIED**.

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in District Court. Before the Act, "compassionate release" was available only upon a motion from the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it finds that compelling and extraordinary reasons warrant a reduction and that a

reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. USSG § 1B1.13.

In accordance with USSG § 1B1.13, regarding the medical issues mentioned by the defendant in his motion, neither are terminal nor causing a diminished ability to provide self-care within the correctional environment. Also, based on a review of the medical records submitted by the defendant, it appears the Bureau of Prisons is adequately providing medical treatment for his medical issues. Regarding his claim of receiving an unusually long sentence, his sentence was not unusually long, as the sentencing guidelines were properly applied at the time of sentencing. Additionally, if Walker were sentenced today, he would still be subjected to the same sentencing guideline range (360 months to Life), even if he was given the benefit of non-career offender status, reduced total offense level of 38 and criminal history category V. None of the "other reasons" mentioned in Walker's motion meet the criteria for compassionate release that are enumerated at USSG § 1B1.13.

Also, considering the defendant's extensive criminal history which includes several drug convictions, burglary and violence, the history and characteristics of the defendant would weigh heavily against compassionate release, in accordance with 18 U.S.C. § 3553(a).

After careful and complete review of the defendant's motion, the applicable factors set forth in 18 U.S.C. § 3553(a) and considering policy statements found at USSG § 1B1.13, this motion is **DENIED.**

☐ DENIED WITHOUT PREJUDICE because the defendant has neither exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A); nor have 30 days lapsed since receipt of the defendant's request by the Warden of the defendant's facility.

So ordered this __16__ day of __May__, 2024.

TILMAN E. SELF, III
U.S. DISTRICT JUDGE